BROWN v. KNOX.   (No. 1633.)

(Court of Civil Appeals of Texas. El Paso. April 17, 1924. Rehearing Denied May 16, 1924.)

1. Judgment ☞256(1)—Must conform to verdict and facts found.

Judgment must conform to verdict and be consistent with facts found.

2. Judgment ☞256(1)—Held inconsistent with finding.

Where jury could have found from evidence that instruments were intended by parties to be a mortgage, but found that deed and bill of sale passed title to plaintiff, subject only to defendant's right of repurchase, which was adverse to defendant's contention that transaction was mortgage, judgment thereon on the theory that instruments were a mortgage was error.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Trespass to try title by C. B. Brown against J. B. Knox. From the judgment rendered, plaintiff appeals. Reversed and remanded.

Thomas & Pope, of Anson, Stinson, Coombes & Brooks, of Abilene, J. W. Crudington, of Amarillo, and Chas. L. Black, of Austin, for appellant.

J. W. Moffett and Wagstaff, Harwell & Wagstaff; all of Abilene, for appellee.

HIGGINS, J.   Appellant instituted' this suit, by petition in the usual form of trespass to try title, to recover certain tracts of land described in his petition, aggregating approximately 6,813⅓ acres of land.

Appellee, in his first amended original answer, presented the following defenses:

First. A disclaimer of all right, title, and interest in an undivided one-half of the lands described in the appellant's petition.

Second. Appellee alleged that he was the owner of the other undivided one-half interest in said land and entitled to the possession of same by reason of the facts set out in the answer: He admitted that, on December 20,

1921, he made, executed, and delivered to the appellant a deed of conveyance to an undivided one-half interest in the lands described, but alleged that this deed of conveyance was given as security for a debt that he was then due the appellant; that, if he should be mistaken in the fact that it was given for a debt to secure the appellant, then he alleged that it was a "conditional deed" and that the appellee had until the 1st day of June, 1923, in which to pay off all indebtedness due Brown and redeem the land. In the same connection, he alleged that the deed was given as security, but, if mistaken as to this fact, then that the same was a conditional deed, with right in the appellee to redeem the same on or before the 1st of June, 1923. He further alleged that, at the time of the execution and delivery of the deed to the appellant, the latter executed an instrument in favor of the appellee, by the terms of which the appellant agreed with the appellee and his wife, Mary Knox, that appellant would reconvey the lands to them on or before June 1, 1923, in case the appellee, Knox, repaid the amount due the appellant at the time of the execution of said deed in December, 1921; that, at the time of conveying the undivided one-half interest in the land, the appellee also executed and delivered a bill of sale to the horses and cattle, but that he had the right, on or before June 1, 1923, to redeem his half interest in all the cattle, horses, and land by paying the full amount due said Brown, as set forth in the agreement.

Appellee further averred that he had paid Brown the full amount due him and exercised his option to take back his undivided one-half interest in said land, said payment to the appellant being made in the following manner: That, long prior to the time said deed was made in December, 1921, the appellee sold to Brown an undivided one-half interest in his ranch in Nolen county, Tex., being the land described in appellant's petition, and that there was a balance due by the appellant to the appellee on running expenses of said ranch and on the purchase price of said first undivided one-half interest, which balance, calculated to the date of the deed and option contract, amounted to $4,018.51. Further that, on account of the purchase by appellant from appellee of the second undivided one-half interest in said ranch and cattle, there was still a further sum due by appellant to appellee of $11,003.-11, which, added to the former balance above mentioned, made a total of $15,021.62 alleged to be due by appellant to appellee; that appellant had executed his note for $10,000, leaving a balance due to appellee of $5,021.-62. Further that, in the spring of 1922, after the appellee had executed his deed to the second undivided one-half interest in the horses and cattle, he sold to the appellant his right to one-half of the cattle on the ranch, which he had the right to redeem by

the 1st of June, 1923, "said Brown agreeing to pay him the sum of $26,687.50, which said amount should be credited on the amount which said Brown paid to said Knox in the fall of 1921, and which amount fully pays off everything which the said Knox is due the said Brown, and said Knox is entitled to a reconveyance to him of the lands herein described." It appears from the foregoing that appellee contended that he had repaid to appellant the amount required under the option agreement to repurchase the property by applying for that purpose the said alleged items of indebtedness, $5,021.62 and $26,-687.50.

Appellee further attached to his answer, as an exhibit, what purported to be an itemized and complete statement of the entire account between him and the appellant during the years 1920 and 1921, and up to the time the deed, bill of sale, and option agreement were executed and delivered.

Appellant filed his first supplemental petition, consisting of a general demurrer and certain special demurrers; also, detailed allegations of fact, setting out the state of the accounts between the parties from the time appellant bought the first one-half interest in the ranch, and showing an agreement of settlement between the parties in December, 1921; also, allegations that appellee had never repaid to the appellant any of the moneys furnished him and had never paid anything to redeem or repurchase his one-half interest in the ranch; allegations that, if the settlement between the parties, made in December, 1921, should be set aside and inquiry made into the partnership accounts, then that appellee would be found to be due to the appellant large sums of money to be taken into account as against any indebtedness alleged by the appellee against the appellant.

Appellee filed his first supplemental answer consisting of certain demurrers, a general denial, and a special denial that there was any adjustment and settlement between appellant and appellee in December, 1921. Further, that the bill of sale of the cattle, executed in December, 1921, was intended by the parties as a mortgage to secure certain indebtedness mentioned in the answer, and was not intended or given as an absolute sale of said cattle; but, if defendant should be mistaken, then that, in any event, he had the right and option to redeem or repurchase the cattle at any time on or before June 1, 1923, on the agreed or estimated value of $33,000, or the sum of $16,500 for a one-half interest therein, the time under said option contract not having as yet expired. Said supplemental answer contained other allegations of fact which it is not necessary to set out at this time.

The case was submitted to the jury on special issues; the issues, the instructions of

the court in connection therewith, and the verdict of the jury being as follows:

Question No. 1. After full accounting between the plaintiff and the defendant from the date of their partnership up to June 1, 1922, did the plaintiff owe the defendant upon such accounting any sum of money? Answer yes or no. No.

In determining this question you will not consider the $10,000 note given by plaintiff to the defendant, and you will not consider the indebtedness assumed or paid off by the plaintiff in December, 1921, at the time the defendant Knox and his wife executed deed and bill of sale to the plaintiff, and you will not consider the question as to whether or not there was any deal btween the plaintiff and the defendant as to the cattle in May or June, 1922.

Question No. 2. If you answer the foregoing question in the affirmative, then state what amount the plaintiff is now due the defendant, if any, upon such accounting. Answer: $———. Nothing.

Question No. 3. Did the plaintiff in May or June, 1922, purchase from the defendant his equity, right, or claim to repurchase a half interest in the cattle for the sum of $26,000? Answer yes or no. Yes.

Question No. 4. How much is the aggregate of the value of the cattle placed by C. B. Brown on Knox-Brown ranch and money paid into the partnership by him and expenses of the ranch paid by C. B. Brown from the beginning of the partnership up to the execution of the deed and bill of sale in December, 1921; this sum to include the value of the cattle placed by Brown on the ranch, all moneys paid into the partnership by him or to J. B. Knox, and all expenses paid by Brown? Answer fully as you find the facts to be. We find that the gross capital investment in the Knox-Brown partnership was $135,400, one-half of which was actually put into the venture by J. B. Knox and one-half by C. B. Brown. We further find that C. B. Brown paid $14,372.42 additional to J. B. Knox, but that the gross expenses amounted to $12,749.25. Each of the partners were liable for one-half of this amount, which leaves $7,997.80 paid in excess by C. B. Brown to J. B. Knox, and after allowing a reasonable amount for the farm tools and other contingencies, J. B. Knox owed C. B. Brown $7,244.44, which was paid by a note for that amount executed and signed by J. B. Knox in favor of C. B. Brown.

Question No. 5. Did the defendant Knox become indebted to the plaintiff Brown after December 21, 1921? If so, how much? No. Answer fully as you find the facts to be. Figures show that Knox did owe about $600, but this is offset by the $600 interest charge that the plaintiff waived.

Question No. 6. Was there a settlement of partnership matters by and between the plaintiff C. B. Brown and defendant J. B. Knox in December, 1921, at the time of the execution of the deed to Knox remaining one-half interest in the land and his remaining one-half interest in the cattle of the Knox-Brown partnership and the option agreement to repurchase? Answer yes or no. Yes.

Question No. 7. On a full accounting as shown by the evidence in this between the plaintiff and defendant from the date of the beginning of their partnership up to December 21, 1921, did the defendant J. B. Knox owe the plaintiff C. B. Brown upon such accounting any sum of money? If so, what amount? Answer fully. Knox owed Brown $7,244.44, for which Knox gave Brown his note for this amount.

Question No. 8. Did the defendant Knox, subject to his right of repurchase, sell and pass title to plaintiff Brown by the deed and bill of sale in December, 1921, to his remaining one-half interest in the Knox-Brown ranch and cattle? Answer yes or no. Yes.

In this case you are charged with the legal effect of the deed of J. B. Knox and wife to his remaining one-half interest in the lands of the Knox ranch and of the bill of sale for his one-half interest in the cattle and the option given by Brown to Knox to repurchase by June 1, 1923, all executed in December, 1921, had the legal effect of transferring the title to said land and said cattle from J. B. Knox to C. B. Brown, subject only to the right of J. B. Knox to repurchase same at the price paid by June 1, 1923, and you will so find in passing upon the special issues submitted to you in this case.

Upon the foregoing verdict the court rendered judgment on the 28th day of May, 1923, reciting the return of the verdict "answering the material facts in favor of the defendant J. B. Knox," and then to the following effect:

First. In favor of the appellant, on appellee's disclaimer for an undivided one-half interest in the tract of land described in his petition, subject to a certain mineral reservation.

Second. Immediately after said judgment on said disclaimer, the judgment proceeds as follows:

"Upon the verdict of the jury, it appearing to the court that C. B. Brown is due the defendant J. B. Knox the sum of $26,000 upon the sale of the right of the said Knox in and to the cattle in controversy, and it appearing to the court from the undisputed facts in the case that the defendant J. B. Knox was due the plaintiff Brown the sum of $30,213.50 for money paid for the said Knox and advanced to the said Knox and for the $10,000 note executed by the said Brown to the said Knox, it is the judgment of the court that said $26,000 should be applied to the payment of said amounts due by the said Knox to the said Brown upon the redemption of the lands above described as per the contract giving said Knox the right to redeem same, which is dated the 20th day of December, 1921, and when such sum is applied to the payment of the above-described amount there is a balance due the said Brown upon the redemption of the above-described lands of $4,213.50.

"It is therefore ordered, adjudged, and decreed by the court that the defendant J. B. Knox do have and recover of and from the plaintiff C. B. Brown the right, title, and possession of an undivided one-half interest in and to the above-described lands, which undivided one-half interest herein adjudged the

said Knox is subject to the payment of one-half of the amount due the state of Texas on all of said lands and one-half of the amount of incumbrance known as the Sears' notes and one-half of the amount of incumbrance known as the Moore note, which said sums of money are now a lien and are now made a lien on the interest of the said Knox herein adjudged to him to secure the payment thereof, and which the said Knox will assume and pay off as a part of the indebtedness against the land herein adjudged to him.

"It is further ordered, adjudged, and decreed by the court that the sum of $4,213.50, which is herein adjudged against the said Knox in favor of the said Brown, may be paid by the said Knox by tendering the same to the said Brown or his attorneys of record on or before the 1st day of June, 1923. In the case the said Knox does not tender the money to the said Brown or his attorneys of record on or before the 1st day of June, 1923, the same is here now adjudged a lien against the said land herein adjudged to the said Knox, and the same is hereby foreclosed, and order of sale will issue at once commanding the proper officer to sell the undivided one-half interest herein adjudged to the said Knox as under execution to satisfy said indebtedness."

Third, in favor of appellant against appellee for the cattle and horses referred to in the bill of sale and option agreement.

On January 21, 1921, Knox owned all of the land and on that date entered into a contract with John Sylvanus, whereby he agreed to convey to Sylvanus a one-half interest in the land, and Sylvanus agreed to place certain cattle owned by him upon the same and sell a one-half interest in such cattle to Knox, the purchase of such interest to be applied upon the purchase price of the interest in the land to be conveyed, the intention being, as expressed in the contract, that upon the consummation of the transaction each party should own a one-half interest in the land and cattle and that Knox should be the manager of the properties at a stipulated salary.

The appellant Brown succeeded to the right of Sylvanus under the contract, and on October 10, 1921, Knox conveyed to him a one-half interest in the land. Brown placed certain cattle thereon, and Knox did likewise. They became the joint equal owners of the land and cattle as partners.

On December 20, 1921, Knox conveyed to Brown his undivided one-half interest in the land for a recited consideration of $15,307.02 paid in cash and the assumption of the payment of an indebtedness against the land; Brown being already liable for one-half of such indebtedness. Upon the same date Knox gave Brown a bill of sale for his one-half interest in the cattle and horses on the ranch for a recited consideration of $16,500. Upon the same date Brown executed and delivered to Knox an agreement reciting that Brown had that day purchased from Knox his undivided one-half interest in said land, cattle, and horses evidenced by said deed and bill of sale and stipulating as follows:

"In addition to the consideration recited in the instruments above referred to for the purchase price of said lands and stock, the said C. B. Brown hereby gives and grants to the said J. B. Knox and Mary Knox, his wife, the right, privilege and option of the repurchase by them from him or his assigns an undivided one-half interest in and to said property described in said deed and bill of sale within a certain limited time, viz. on or before June 1, 1923, at the same price at which they have this day sold it. It is expressly understood and agreed that if the said J. B. Knox and Mary Knox or either of them do not exercise the right, privilege and option herein given and granted on or before June 1, 1923, then this agreement is null and void and of no further force and effect."

According to the testimony of Knox, the transaction evidenced by the deed, bill of sale, and option to repurchase was intended as a mortgage to secure Brown in the payment of money loaned to Knox. According to Brown's testimony, the transaction was in fact what the instruments upon their face reflect, namely, an absolute conveyance and bill of sale with an option to repurchase.

The material questions presented by the appeal arise upon objections to that portion of the judgment quoted verbatim as presented by the first and second propositions.

[1, 2] A judgment must conform to the verdict. It is wholly inadmissible to render a judgment inconsistent with the facts found. The judgment vested title in Knox subject to a balance due Brown of $4,213.50, which, if not paid on or before June 1, 1923, was fixed as a lien against the one-half interest vested in Knox, and such lien was foreclosed and the land ordered sold in payment of said sum. Such decree can only be sustained upon the theory that the deed, bill of sale, and option agreement of December 20, 1921, was intended as a mortgage creating the relation of mortgagor and mortgagee, wherefore Knox, as mortgagor, was entitled to judgment for the land and Brown as mortgagee to judgment for the unpaid portion of his debt and foreclosure of the mortgage lien.

Under the pleadings and evidence the jury might have found that the instruments executed on December 20, 1921, were intended by the parties as a mortgage; but the theory of the relation of mortgagor and mortgagee between the parties is wholly inconsistent with the eighth finding that the deed and bill of sale passed title to Brown subject only to the right of Knox to repurchase. That finding was adverse to Knox upon his contention that the transaction of December 20, 1921, was a mortgage. Upon the finding made the only proper judgment which could

be rendered was to vest title to the land in Brown subject to the right of Knox to repurchase the same upon payment of the balance of the purchase price amounting to $4,213.50 on or before June 1, 1923.

After the return of the verdict upon the eighth issue, the mortgage theory was eliminated from the case, and it could not be resurrected by the court except by setting aside the verdict and granting a new trial.

Appellee asserts that the judgment rendered is consistent with the verdict, and we find it difficult to argue against such view, because to us it seems to be not open to argument. We do not see how it can be said that a judgment for the land in favor of Knox is consistent with the finding that the deed and bill of sale passed the title to Brown subject merely to the right of Knox to repurchase. Nor do we see how it can be asserted that Knox having a mere right to repurchase should be entitled to have the land sold to raise the funds necessary to complete the payment either before or after the optional date.

Appellant's third and fourth propositions are as follows:

"Third. Appellee's right under the option agreement was to repurchase, on the terms stated, the entire property mentioned, not simply a part of it, and it appearing from the pleading of the appellee and his testimony, as well as from the verdict of the jury, that he had sold to appellant his right to repurchase the cattle—a part of the property covered by the option agreement—he was entitled to no further right under the option agreement, and no proper judgment could be rendered, undertaking to recognize and enforce his right to repurchase the land apart from the cattle.

"Fourth. The jury having found that appellee sold to the appellant his right to repurchase the cattle, and there being no pleading or evidence of any modification of the option agreement so as to create a right on his part to repurchase the land alone, he was entitled to no further rights under the option agreement."

The fourth proposition is well taken in the state of the pleadings and evidence.

For the errors indicated, the case must be reversed.

It is unnecessary to pass upon the third proposition, for that question will not arise upon retrial. The option date has expired, and the only issue which now remains relating to the transaction of December 20, 1921, is whether or not it constituted a mortgage as asserted by appellee in his pleading and testimony. If so, the right to redeem the land remains unimpaired by the sale by Knox of his equity in the cattle and horses.

The other propositions presented by appellants need not be passed upon, as they should not arise upon the retrial.

Reversed and remanded.