### KNOX v. BROWN. (No. 536–4231.)

(Commission of Appeals of Texas, Section B.
Nov. 4, 1925.)

**1. Judgment ⬉256(2)—When judgment of trial court, not rendered in harmony with verdict, will be set aside, stated.**

A judgment of the trial court, which is not rendered in harmony with or conformably to the verdict of the jury, but attempts to declare the result of litigation, not based upon, but in conflict with, the material facts ascertained by the verdict of the jury, construed in the light of the pleadings and the charge, will be set aside by an appellate court when properly called to its attention.

**2. Judgment ⬉256(2)—Judgment held inconsistent with finding ascertained by verdict, thereby necessitating setting aside of judgment.**

Where jury in response to special issue found that defendant, subject to right to repurchase on certain date, sold and passed title to plaintiff by deed and bill of sale of his (defendant's) interest in a ranch and cattle, a judgment based on such finding and adjudging to defendant title and possession of the land, and to plaintiff a lien thereon with foreclosure and sale of it to satisfy debt due plaintiff by defendant, *held* inconsistent with finding of the jury, thereby requiring setting aside of the judgment, under Rev. St. 1925, arts. 2209–2211.

**3. Vendor and purchaser ⬉18(4)—Grantor's option to repurchase land at certain price within certain time expired on date so fixed in absence of exercise of option prior thereto.**

Grantor's option to repurchase land at certain price within certain time *held* to have ex-

pired on date so fixed, in absence of exercise of option prior thereto.

**4. Vendor and purchaser ⬉57—"Option" contract in which owner gives another right to buy property at fixed price within certain time conveys no title to property.**

An "option," which is a contract in which an owner of property gives another the right to buy that property at a fixed price within a certain time, conveys no title to such property (citing Words and Phrases, "Option").

**5. Estoppel ⬉58—Equitable estoppel is invocable only to protect party claiming its benefit from some damage which might result if true state of facts should control determination of controversy.**

Equitable estoppel is invocable only to protect party claiming its benefit from some damage or loss which might result if true state of facts should control determination of controversy.

**6. Sales ⬉64—Party, selling option to repurchase cattle, had no further rights under option agreement.**

Party, selling option to repurchase cattle sold by him, had no further rights under the option agreement, in the absence of any modification thereof creating a right to repurchase.

**7. Appeal and error ⬉151(1)—Litigant may appeal case to court of competent jurisdiction.**

Any litigant feeling himself aggrieved by the judgment of a trial court has a right to seek redress of the wrong in the rendition of an improper judgment by appealing the case to a court of competent jurisdiction.

**8. Estoppel ⬉68(1)—That party appeals from judgment does not create estoppel to assert rights he may lawfully have, regardless of his action in asserting those rights in appellate court.**

That a party, aggrieved by the rendition of an improper judgment, appeals therefrom, does not create an estoppel to assert any rights he may lawfully have, regardless of his action in asserting those rights in the appellate court.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Action by C. B. Brown against J. B. Knox. From the judgment of the district court, plaintiff appealed to the Court of Civil Appeals, which reversed the judgment, and remanded the case (261 S. W. 791), and defendant brings error. Judgment of Court of Civil Appeals affirmed, and judgment of district court reversed, and cause remanded for new trial.

J. M. Wagstaff and Moffett & York, all of Abilene, for plaintiff in error.

Chas. L. Black, of Austin, Thomas & Pape, of Anson, Stinson, Coombes & Brooks, of Abilene, and J. W. Crudginton, of Amarillo, for defendant in error.

---

SHORT, J.  On January 21, 1920, the defendant in error, J. B. Knox, being the owner of approximately 7,000 acres of land located partly in Taylor and Nolan counties, made a contract with John E. Sylvanus, who was the owner of certain cattle, by the terms of which Sylvanus was to acquire one-half of the land (except only one-fourth of the minerals was to be acquired by Sylvanus), and Knox was to acquire one-half interest in the cattle at certain specified prices, the interest in the land being valued at $50,000, and a cattle ranch was to be established, the expenses to be borne equally, among which was $100 monthly to be paid Knox for personal services to be rendered the business. The plaintiff in error, C. B. Brown, by mutual consent, assumed the obligations and acquired the rights of Sylvanus under said contract, and the contemplated partnership matured into a going concern, though Knox did not convey to Brown the land until October 10, 1921. At the time the contract with Sylvanus was made, Knox owed debts secured by liens on the land amounting approximately to $30,000. On December 20, 1921, Knox, joined by his wife, executed and delivered to Brown an instrument in the form of a warranty deed, apparently conveying all the interest he and his wife had in said land, and on the same date Brown executed and delivered to Knox the following instrument:

"Option Agreement.

"The State of Texas, County of Jones.

"Know all men by these presents: This option agreement entered into this 20th day of December, 1921, by and between C. B. Brown of Jones county, Texas, and J. B. Knox and Mary Knox, his wife, of Taylor county, Texas, Witnesseth: That the said C. B. Brown has this day purchased from J. B. Knox and Mary Knox all their undivided one-half interest in and to certain lands situated in Taylor and Nolan counties, Texas, known as the Knox and Brown ranch, as evidenced by their deed of this date, recorded in volume ——, page ——, of the Deed Records, Taylor county, Texas, and recorded in volume ——, page ——, Deed Records, Nolan county, Texas, to which deed reference is here made for a complete description of said lands and made a part hereof; and all their undivided one-half interest in and to certain cattle and horses, located on said lands, as evidenced by their bill of sale of this date for said stock, and referred to for a complete description of same and made a part hereof, recorded in volume ——, page ——, of the Records of Bills of Sale, Taylor county, Texas, and in volume ——, page ——, of the Record of Bills of Sale, Nolan county, Texas.

"In addition to the consideration recited in the instruments above referred to for the purchase price of said lands and stock, the said C. B. Brown hereby gives and grants to the said J. B. Knox and Mary Knox, his wife, the right, privilege and option of the repurchase by them from him or his assigns an undivided one-half interest in and to said property described in said deed and bill of sale within a certain limited time, viz. on or before June 1, 1923, at the same price at which they have this day sold it. It is expressly understood and agreed that if the said J. B. Knox and Mary Knox or either of them do not exercise the right, privilege and option herein given and granted on or before June 1, 1923, then this agreement is null and void and of no further force and effect.

"The said C. B. Brown covenants and binds himself, his heirs, executors, administrators and assigns to carry out the terms of this option agreement.

"In testimony whereof, he signs this the 20th day of December, A. D. 1921.

"C. B. Brown."

On November 28, 1922, Brown sued Knox for the title and possession of the land; his petition being in the usual form of trespass to try title. Knox answered that the instrument apparently conveying his interest in the land to Brown was a mortgage given as security for debt, or, if not a mortgage, it evidenced a conditional sale. He further pleaded the execution and delivery by Brown of the instrument above copied and also the Sylvanus contract. He further pleaded the partnership transactions, alleging that he had not only paid Brown all which was due him under the terms of all the written instruments above mentioned, but that Brown was due him upon a final settlement $5,021.62, in addition to $10,000 evidenced by Brown's note, payable to him, not then due, and attaching as an exhibit an itemized account of all transactions between them up to December 20, 1921. He prayed judgment for one-half interest in the land, subject to the debts against it, and for the amount claimed to be due him. In the alternative he prayed to be allowed to pay Brown any sum due him in the event it should be found that Brown did not owe him, but that he owed Brown.

By supplemental petition Brown filed a general demurrer, special exceptions, a plea of abatement as to the demand based on the $10,000 note not then due, a general denial, and a plea in the nature of a history of all transactions between himself and Knox, to which he attached as exhibits itemized accounts thereof, showing in detail the status of the parties at different dates and especially showing a final settlement of the partnership business on December 20, 1921, and the execution and delivery by Brown to Knox of his note for $10,000 as the agreed amount due Knox to pay him for the land and the cattle up to that date owned by him, free of all debts, which Brown assumed. A separate account filed as an exhibit of transactions occurring after December 20, 1921, showed that Knox owed Brown $1,814.50; it being alleged that Brown had employed Knox to conduct the business of the cattle ranch for him at a salary of $50 per month and had advanced him money from time to time which was used by Knox for his own benefit. Brown prayed as in his original petition that

KNOX v. BROWN

he have judgment for the title and possession of the land; that his plea of abatement be sustained; that Knox be denied a recovery on the matters pleaded by him; and that he have his costs and be given general relief.

Knox by supplemental answer demurred to and denied, generally and specially, the allegations in the supplemental petition, saying there had been no final settlement; that the bill of sale to the cattle was in fact a mortgage, but, if mistaken, he had the right to repurchase them on or before June 1, 1923, for $16,500; but that Brown had sold some and lost some of the cattle by his negligence and was unable to deliver them to him in the same condition they were when the option was given, and had executed a mortgage on them, and alleged several items in Brown's account to be incorrect. He prayed as in his amended original answer and for general relief.

The court overruled Brown's general demurrer and special exceptions to Knox's answer; an exception being reserved. It also denied Brown's request for an instructed verdict, to which Brown excepted, and a jury having been impaneled to try the issues of fact, and special issues having been submitted, the jury answered that Brown did not owe Knox anything upon an accounting from the date of their partnership to June 1, 1922, excluding the $10,000 note, the debts paid by Brown in December, 1921, and the cattle transaction in May or June, 1922; that Brown bought from Knox his equity, right, or claim to repurchase a half interest in the cattle for $26,000; that the gross capital investment was $135,400, one-half of which was furnished by Brown, the other by Knox; that Brown paid Knox the additional sum of $14,372.42; that the gross expenses were $12,749.25, for which each was equally liable; that Brown paid in excess of the amount paid by Knox $7,997.80, but that Knox was due to be credited with farm tools, etc., reducing the amount due Brown to $7,244.44, for which Knox had given Brown his note; that Knox did not become indebted to Brown after December 20, 1921, due to the fact that Brown had waived demand for $600, which otherwise Knox would have owed Brown; that there was a settlement of partnership matters on December 20, 1921, when the papers of that date were executed; that on a full accounting Knox owed Brown $7,244.44, and that Knox had given Brown his note for this amount; that, subject to his right of repurchase, Knox passed the title by his deed and bill of sale in December, 1921, to his remaining interest in the ranch and cattle. The court, in explanation of the issues submitted, charged the jury as follows:

"In this case you are charged that the legal effect of the deed of J. B. Knox and wife to his remaining one-half interest in the lands of the Knox ranch and of the bill of sale for his one-half interest in the cattle and the option given by Brown to Knox to repurchase by June the first, 1923, all executed in December, 1921, had the legal effect of transferring the title to said land and said cattle from J. B. Knox to C. B. Brown, subject only to the right of J. B. Knox to repurchase same at the price paid by June the first, 1923, and you will so find in passing upon the special issues submitted to you in this case."

Brown duly filed his objections to the charge in harmony with his request for an instructed verdict. No objections to the charge were filed by Knox, but he filed a motion to render a judgment in his favor based upon the verdict, and the court entered a judgment upon the disclaimer of Knox as to an undivided one-half interest in the land, subject to the mineral rights reserved by Knox, and after reciting that Brown was due Knox $26,000, upon the sale of the right of Knox to the cattle, and Knox owed Brown $30,213 for money advanced to him and $10,000 evidenced by a promissory note, and declaring that the $26,000 should be credited on the item of $30,213, leaving a balance due Brown by Knox of $4,213, it adjudged the title and possession of the undivided one-half interest of the land to Knox, subject to the payment of one-half of certain incumbrances, and then proceeded to declare that Knox should have the right to pay to Brown $4,213 on or before June 1, 1923, in default of the exercise of which right a lien on the interest in the land adjudged to Knox is foreclosed and its sale directed as under execution to satisfy the debt. It then adjudged the cattle to Brown and the costs against him. Brown, before the entry of the judgment, filed his motion to set aside the findings of the jury based upon similar grounds to those embodied in the objections to the charge. After the rendition of the judgment, Brown filed his motion for a new trial, which being overruled, notice of appeal was given, and the appeal having been perfected, upon consideration of the record, the Court of Civil Appeals at El Paso reversed the judgment of the district court and remanded the case for a new trial. The opinion of that court is to be found in 261 S. W. 791. Knox then asked and has been granted a writ of error to the Supreme Court, assigning errors, the chief of which is that the Court of Civil Appeals erred in holding that the option to repurchase the land expired on June 1, 1923.

[1] Regardless of the merits of the assignment mentioned, the second assignment, which is to the effect that the Court of Civil Appeals erred in holding the judgment does not conform to the verdict, if not sustained, of necessity requires a reversal of the judgment of the trial court and a remanding of the case for a new trial. That this assignment must be overruled is evidence from what we have recited as to the verdict and the judgment, the error committed by the district court be-

ing a fundamental one, though it is duly noted as the second assignment of error by Brown in his brief filed in the Court of Civil Appeals. A judgment of the trial court which is not rendered in harmony with, and conformable to, the verdict of the jury, but attempts to declare the result of litigation, not based upon, but in conflict with, the material facts ascertained by the verdict of a jury, construed in the light of the pleadings of the parties and the charge of the court, will be set aside by an appellate court when properly called to its attention.

[2] Question 8 submitted without objection by Knox is:

"Did the defendant, Knox, subject to his right of repurchase, sell and pass title 'to plaintiff, Brown, by the deed and bill of sale in December, 1921, to his remaining one-half interest in the Knox-Brown ranch and cattle? Answer 'Yes' or 'No.' "

In connection with this question the court charged the jury that the legal effect ·of the deed, the bill of sale, and option agreement was to transfer the title to the land and cattle to Brown, subject only to the right of Knox to repurchase the property by June 1, 1923. To this question the jury answered, "Yes." This finding, construed in connection with the charge, is in conflict with the judgment adjudging to Knox the title and possession of the land claimed by him, and to Brown a lien thereon with foreclosure and sale of it to satisfy a debt due Brown by Knox. The record contains a bill of exception showing that at the date of the judgment Knox had not tendered in open court or placed in the registry of the court the amount of this debt. This bill evidences the fact that when the judgment was rendered the attention of the court was specially called to the status of this amount adjudged to be due by Knox to Brown, notwithstanding which the court proceeded to adjudge the land to Knox, and to Brown the right to collect from Knox through the process of the law at some indefinite date the sum so adjudged to be due, and incidentally ordered the sale of land which the jury had found to belong to Brown, to procure the cash necessary to pay it. The mere statement of these facts precludes any room for discussion. The Court of Civil Appeals correctly ruled that the judgment does not conform to the verdict and that therefore the judgment of the district court should be set aside and the case remanded for another trial. Revised Statutes of 1925, art. 2209—2211; Ablowich v. Bank, 95 Tex. 431, 67 S. W. 79, 881; Clark & Loftus v. Pearce, 80 Tex. 151, 15 S. W. 787; W. U. Telegraph Co. v. Mitchell, 89 Tex. 444, 35 S. W. 4.

[3, 4] We also think that the Court of Civil Appeals ruled correctly that Knox's right to purchase the land expired on June 1, 1923, and that the first assignment of error, which calls in question this ruling, should be over-

ruled in view of the state of the record. Upon the face of the instrument dated December 20, 1921, wherein Knox and his wife apparently conveyed the interest in the land belonging to them up to that time to Brown, the title and right to the possession of the land passed from them and was vested in Brown. Knox, in answering the petition of Brown wherein the latter sought a recovery for the title and possession of the land based upon this instrument as a deed, pleaded the execution and delivery of the option agreement heretofore set out in this opinion. The trial court correctly charged the jury that the three instruments, including the instrument· in the form of a deed apparently conveying the land, did have the legal effect to pass the title and right of possession to the land, as well as to the cattle, and the jury, in response to the charge of the court, correctly returned the verdict in answer to question 8, as heretofore indicated, that Knox did sell and pass the title to Brown by the instrument dated December 20, 1921, to his remaining half interest in 'the Knox-Brown ranch. It is true that Knox had the right to repurchase the land at the same price for which it had been previously sold, provided he exercised this right on or before June 1, 1923. An "option" is simply a contract, by which the owner of property, which in this case was Brown, agrees that another shall have a right to buy it at a fixed price within a certain time. The owner does not sell the property, but sells the privilege to buy at the option of the other person. 6 Words & Phrases, p. 5001; McGregor v. Ireland, 86 Kan. 426, 121 P. 358. It conveys no title to the thing sold. The owner of land, holding it by fee-simple title, has the right of possession. The suit by Brown involved only an assertion of ownership coupled with the right of possession. Knox having pleaded the execution and delivery by Brown of the option agreement, and Brown having introduced his title papers, the legal effect of which was to establish in him the ownership of the land, in the absence of pleading on the part of Knox, which had the legal effect, upon proper proof, to establish the fact that upon a sufficient consideration the contract between them evidenced by the papers heretofore mentioned had been abrogated or modified, no valid judgment could be entered such as was entered in this case giving to Knox the title and possession of the land, since the record is bare of any competent testimony establishing the fact that Knox had exercised his right to repurchase it. This is especially true in view of the showing made by the bill of exception heretofore mentioned, wherein it is recited that at the time the judgment was entered giving to Knox the title and possession of the land he had not tendered in open court or placed within its registry the money which the jury found he still owed Brown on the original

price of the land and cattle. The effect of the judgment was immediately to transfer to Knox the title and right to the possession of the land. The payment of the $4,213 was required only to discharge a lien, which presupposes that the land belonged to Knox and that Brown only had a lien on it to secure the payment of the debt. In passing upon this question, we are not dealing with anything not disclosed by the record. The fact that the judgment was dated on June 28, 1923, while the right to repurchase did not expire until June 1, 1923, under the state of this record, is not a material one.

[5] The cattle had passed out of the transaction by agreement of the parties, and in this connection it may be noted that one of the grounds upon which Knox claims Brown was estopped is that he had negligently permitted some of the cattle to be lost. Knox had the right to repurchase these cattle at a price of $16,500, and yet the record shows that a year before the option expired it was agreed that the cattle was of the value of $26,000. An equitable estoppel cannot be invoked except for the purpose of protecting the party claiming its benefit from some damage or loss which might result if the true state of the facts should control the determination of the controversy. So, if Brown had in fact lost some of the cattle negligently, Knox was not injured on account of this loss.

[6] The other matter upon which Knox sought to create an estoppel against Brown was the fact alleged and proven that Brown had mortgaged the cattle after he had purchased them on December 20, 1921. The record does not disclose that this mortgage on the cattle did any injury to Knox. The contrary is clearly inferable from the uncontradicted testimony. Again, the transactions pleaded as estoppels related only to the cattle, while the suit brought by Brown did not involve them. As correctly said by the Court of Civil Appeals in its opinion:

"The jury having found that appellee sold to appellant the right to repurchase the cattle, and there being no pleadings nor evidence of any modification of the option agreement so as to create a right on his part to repurchase the land alone, he is entitled to no further right under the option agreement."

And further:

"Under the pleadings and evidence the jury might have found that the instruments executed on December 20, 1921, were intended by the parties as a mortgage, but the theory of the relation of mortgagor and mortgagee between the parties is wholly inconsistent with the eighth finding that the deed and bill of sale passed title to Brown, subject only to the right of Knox to repurchase. That finding was adverse to Knox upon his contention that the transaction of December 20, 1921, was a mortgage. Upon the finding made, the only proper judgment which could be rendered was to vest title to the land in Brown, subject to the right of Knox to repurchase the same upon payment of the balance of the purchase price amounting to $4,213 on or before June 1, 1923."

As we have heretofore said, and now reiterate, under the state of the pleadings in connection with the charge of the court and the findings of the jury, the right to repurchase the land expired on June 1, 1923. It may be said that if upon another trial it should be established by competent evidence under proper pleadings that Knox had exercised his option to repurchase the land on or before June 1, 1923, the trial court would be justified in giving him relief. Beard v. Gooch, 62 Tex. Civ. App. 69, 130 S. W. 1022; Adams v. Hughes (Tex. Civ. App.) 140 S. W. 1163; Gardner v. Sittig (Tex. Com. App.) 222 S. W. 1090; James on Options, § 822.

[7, 8] Complaint is made in the third assignment of error on account of the fact that Brown continued the litigation and appealed the case after having had an adverse judgment rendered against him. It needs no citation of authorities in support of the proposition that any litigant feeling himself aggrieved by the judgment of the trial court has the right to seek redress for the wrong done him in the rendition of an improper judgment by appealing the case to a court of competent jurisdiction, and the fact that he does so does not create an estoppel to assert any rights he may lawfully have regardless of his action in asserting those rights in the appellate court.

What we have said disposes of the fifth and last assignment of error, which is to the effect that—

"The Court of Civil Appeals erred in not overruling appellant's third proposition of law and in holding that it was unnecessary to pass upon such proposition upon the ground that that question will not arise upon a new trial for the reason that under the pleadings and evidence and findings of the jury that the sale of the cattle by appellee to appellant was by the consent and agreement of both parties and did not, and could not, affect the future right under the option agreement to redeem said land."

The matters discussed arise upon the record as presented and not upon any record that might hereafter be made upon another trial of the case.

We therefore recommend that the judgment of the Court of Civil Appeals be affirmed, and that the judgment of the trial court be reversed, and the case remanded for another trial consistent with the opinion of the Court of Civil Appeals and that of this court.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.