**E. C. SCHWOPE, Appellant,**

v.

**Jack KIESLING et ux., Appellees.**

**No. 15532.**

Court of Civil Appeals of Texas, San Antonio.

June 23, 1976.

Bartram, Reagan & Burrus, Charles Blackley, New Bruanfels, for appellant.

Urban Farrow, Rufino Cabello, Carrizo Springs, for appellees.

BARROW, Chief Justice.

Appellant has perfected his appeal from a take-nothing summary judgment rendered in his suit for specific performance of a contract for the sale of 2,976.7 acres of land owned by appellees in Maverick County or, in the alternative, for damages.

On May 9, 1973, appellant, as Buyer, and appellees, as Seller, entered into an earnest money contract prepared by Ken Karger, a real estate agent, whereby Seller agreed to sell the land for a total sales price of $600,000.00 to be paid in accordance with the terms of the contract. The contract provided that the offer would "expire on June 8, 1973." The original draft provided that the contract was contingent upon Buyer securing an earnest money contract on another tract in Maverick County and securing a purchaser for a tract owned by him in Bexar County. These two contingencies were crossed out and initialed by Buyer and Karger. Buyer deposited the sum of $10,000.00 with Karger as Escrow Agent.

Buyer alleged that the contract was accepted by him on June 8, 1973, and that he has been ready, willing, and able to carry out the contract since that time, but that Seller notified Buyer by letter of June 15, 1973, that it was repudiating such contract. Seller alleged that the contract did not become operative in that the offer was not timely accepted by Buyer and that the contract does not properly reflect the agreement as to the escrow agent or the amount of minerals to be conveyed.

We have a threshold question as to what summary judgment evidence was before the trial court. Both parties moved for a summary judgment. Buyer's motion for partial summary judgment was filed on November 30, 1973, but the affidavit of Ken Karger was not filed by Buyer until January 18, 1974. Seller's motion was filed on December 7, 1973, and is supported by the affidavit of Jack Keisling. The judgment recites that the motions came on to be heard on January 18, 1974, and the trial court considered "the pleadings, *affidavits*, briefs and statements of counsel" (emphasis ours). The court took the matter under advisement and judgment was not rendered and signed until July 18, 1975. Included in the transcript are photocopies of the transcribed depositions of Karger and Jack Keisling, which were given orally on September 27, 1973, but were not filed until October 1, 1975.

Seller objects to our consideration of the affidavit of Karger in that it was not filed one day prior to the hearing as required by Rule 166–A, Tex.R.Civ.P. There is nothing in the record to show that any objection was made to this procedure. On the contrary, the judgment recites that the affidavits were considered by the trial court. In view of the fact that this matter was taken under advisement by the trial court, we may presume that the affidavit of Karger, filed on the day of the hearing, was considered by the trial court along with that of Keisling, in accordance with the recitation in the judgment. The depositions were not filed until long after the hearing and there is no recitation in the judgment or elsewhere in the record that they were called to the attention of the trial court. Accordingly, we do not consider the two depositions as part of the summary judgment record.

The first question is whether Buyer's acceptance on June 8, 1973, was timely in view of the provision in the earnest money contract that the offer would "expire on June 8, 1973." Seller urges that Buyer was required by this provision to accept the offer *before* June 8, 1973. Surprisingly, we have found no case squarely in point. The established rule in this State is that when time is to be computed from or after a certain day or date, the designated day is to be excluded and the last day of the period is to be included. *Pitcock v. Johns*, 326 S.W.2d 563 (Tex.Civ.App.—Austin 1959, writ ref'd). See also Art. 5429b–2, Sec. 2.04(a), Tex.Rev.Civ.Stat.Ann.; Rule 4, Tex.R.Civ.P. In *Knox v. Brown*, 277 S.W. 91 (Tex.Comm'n App.1925, jdgmt. adopted), it was held that Knox's right to purchase the land expired on June 1, 1923, when Knox

was granted an option to be exercised "on or before June 1, 1923."

■ Here the contract expired on June 8, 1973, Under the above authorities, this day should be properly included in the absence of some evidence to show a contrary intent by the parties to the agreement. Such a construction carries out ordinary usage of the term. For example, a term of public office expires on December 31st. Clearly, the official is authorized to act that entire day. We conclude that Buyer's acceptance on June 8, 1973, was timely.

■ Seller alleged that the earnest money contract did not set out the agreement of the parties in that Jack Keisling told Karger that Seller wanted the Citizens State Bank of Carrizo Springs designated as Escrow Agent as Karger was related to Buyer. This allegation is supported by the affidavit of Keisling. It is seen from the contract which was signed by Keisling and his wife that they knew of this provision at the time they signed the contract. At the very least a fact issue is raised that the contract correctly sets forth the agreement of the parties. See *Thigpen v. Locke*, 363 S.W.2d 247 (Tex.1962).

Seller also asserts that there was no meeting of the minds in that the contract could not be performed in the form prepared by Karger as Seller owns only about half of the minerals, and thus, could not convey title to all minerals. Karger averred by his affidavit that this fact was known to Buyer and was satisfactory to Buyer. There is nothing in the contract regarding the amount of minerals owned by Seller or to be conveyed by Seller. It is not established that Buyer wants or expects to receive all the minerals. Thus, it has not been shown by the summary judgment proof that the earnest money contract cannot be carried out by Seller.

■ It is urged by Seller on this appeal that the contract is inoperative in that Seller's offer was impliedly rejected and a new offer made by Buyer with the deletion of the two contingencies by Buyer. There were no pleadings by Seller of this contention. However, these two contingencies were both to the benefit of Buyer, and the deletion by Buyer at the time he signed it did not serve as a rejection of Seller's offer. *United Concrete Pipe Corp. v. Spin-Line Co.*, 430 S.W.2d 360 (Tex.1968). In any event, a fact issue is raised by the affidavit of Karger as to whether Seller consented to this deletion.

There is no other reason urged by Seller in support of the take-nothing summary judgment. We conclude that the trial court erred in granting such judgment, and therefore grant Buyer's prayer that the judgment be reversed and the cause remanded to the trial court.

Accordingly, the judgment of the trial court is reversed and the cause remanded to the trial court.