SAM JOHNSON ET AL. v. F. A. SCRIMSHIRE ET AL.

Decided April 14, 1906.

**1.—Special Issues—Refusal to Submit.**

A bill of exception to the action of the court in refusing to submit special issues should show what issues were requested.

**2.—Same—Agreement as to Issue.**

An agreement of parties that there was only one issue to be submitted to the jury, which issue was in fact submitted, is an answer to a complaint that the court refused to submit other issues.

**3.—Evidence—Declarations—Res Gestae.**

The declarations of a vendee made at the time of the transaction and in the presence of the vendor as to the character of the transaction are competent testimony as part of the *res gestae,* and may be testified to by a third party.

**4.—Deed or Mortgage—Burden of Proof.**

Where the transaction concerning the land in controversy was evidenced by a deed, absolute in form, duly acknowledged and reciting a valuable considera- tion paid, and an agreement in writing of even date therewith, whereby the vendee agreed to sell the land back to the vendor upon the payment of a certain amount of money by a certain date, the burden of proof was on the vendor to prove that the transaction was a mortgage, and not a purchase with an agree- ment to resell.

**5.—Testimony, not Newly Discovered.**

Where it appeared from the testimony of the defendant himself that the witness, whose testimony is claimed to be newly discovered, was present during the transaction, defendant's motion for new trial on the ground of newly dis- covered evidence was properly overruled.

Appeal from the District Court of Tarrant County. Tried below before Hon. Irby Dunklin.

*M. D. Priest,* for appellants.

*Browning & Smith* and *Smith & Lattimore,* for appellees.

SPEER, ASSOCIATE JUSTICE.—This suit was filed by F. A. Scrim- shire, joined *pro forma* by her husband, and is a suit to recover forty- six acres of the J. W. Wilcox survey in Tarrant County. The defend- ants answered, alleging that defendant Sam Johnson was a married man, the head of a family, and was at the time of making the deed to George Storms, through which the plaintiffs claimed; that he resided on the land as a homestead; and that the deed to Storms was made to secure a loan of money and was intended as a mortgage. There was a trial before a jury, resulting in a verdict and judgment in favor of the plaintiffs in the action, from which the defendants have appealed.

The first assignment of error is that the court erred in refusing to submit to the jury special issues, as requested by defendants in writing. The bill taken to this action of the court, however, does not disclose what issues were requested, and if it be construed as showing that the trial court refused to submit the case on special issues at all, the sup- posed error is answered in the agreement of the parties found in the record, "that the only issue to be submitted to the jury is whether or not the instrument purporting to be a deed executed by Sam Johnson and wife to George Storms, was in fact a deed, coupled with the right on the part of Sam Johnson and wife to repurchase it, or whether it was understood and intended to be a mortgage," and this issue was submitted to the jury.

It is objected that the testimony of the witness John Spencer, wherein he states that Mr. Storms told him that he was going to buy the land, was hearsay and inadmissible. We think, however, that the testimony of this witness shows the statement to have been made at such a time as to be a part of the *res gestae.*

Appellants complain in their fourth assignment that the court im- properly placed the burden of proof upon them. But we think other- wise. The transaction between Johnson and Storms was evidenced by a deed, absolute in form, from Johnson and wife to George Storms,

duly acknowledged, conveying the land in controversy for the consideration of two hundred and fifty dollars in hand paid and the following agreement upon the part of Storms, executed and delivered to the Johnsons on the same day, namely: "Fort Worth, Texas, February 10, 1897. This memorandum of agreement, made and entered into between Sam Johnson and George Storms wherein the said George Storms agrees to sell unto Sam Johnson the place this day deeded to him, back, if desired, for the consideration of two hundred and seventy dollars to be paid on the first day of November, 1897. George Storms." The effect of these instruments was to place the title to the land in Storms —to make a *prima facie* case for appellees which could only be overcome by appellants' proving their allegation that the real transaction was in fact a mortgage, and not a purchase with an agreement to resell, as it purports to be. Under these facts and the agreement of parties already referred to, it was not improper to instruct the jury to return a verdict for appellees, unless appellants established by a preponderance of the evidence the truth of their answer.

If the testimony of B. Hall would be helpful to appellants, they nevertheless can not insist that it is newly discovered, since Johnson himself testified on the trial that Hall was present during the negotiations with Storms, knowing which, he should have taken steps to procure his testimony before the trial.

There is sufficient evidence in the record to support the implied finding that the property sued for was the separate property of Mrs. Scrimshire.

All assignments are overruled and the judgment is affirmed.

*Affirmed.*

Writ of error refused.