R. L. STRINGFELLOW ET AL. v. ELLA BRASELTON.

Decided February 13, 1909.

**1.—Deed—Acknowledgment of Married Woman—Notary as Agent of Vendee.**

An acknowledgment of a married woman to a deed would not be invalidated by the fact that the notary who took her acknowledgment had been employed by the vendee as an attorney at law to collect from her husband a debt for the partial payment of which the said deed was afterwards executed, the agency of the notary being limited to the collection of the debt in money; nor under such circumstances would knowledge of the notary of fraud in procuring the wife's acknowledgment be imputed to the vendee.

**2.—Same.**

The mere fact that the notary is generally employed as an attorney at law by a certain person would not necessarily disqualify such notary from taking an acknowledgment to a deed in which said person was the vendee. The disqualification would depend upon the scope or character of the employment.

**3.—Same—Duty of Notary to Explain.**

The fact that a married woman may be already fully informed from other sources of the character of the deed executed by her would not relieve the officer taking her acknowledgment of the duty to explain the same to her privily and apart from her husband.

**4.—Conveyance of Homestead—Option to Repurchase.**

The fact that the husband is given the right to repurchase the homestead within a certain time and at a certain price would not give the wife a right to set aside a conveyance of the same, otherwise valid, in which she joined.

Appeal from the District Court of Hale County. Tried below before Hon. L. S. Kinder.

*L. W. Dalton, L. G. Wilson, Bern Wilson* and *Cooper & Stanford,* for appellants.—If appellant, R. L. Stringfellow, entered into an agreement with J. M. Braselton to purchase outright the lots in controversy for $2,000, said amount to be credited on J. M. Braselton's indebtedness to the bank, and in pursuance of said agreement or contract J. M. Braselton procured Bern Wilson to write said deed and to take appellee's acknowledgment thereto, and if said deed was exe-

Vol. LIV Civil—1.

cuted and acknowledged by appellee and delivered to appellants according to said agreement, and appellants credited said note with $2,000, then it was immaterial whether appellee understood said instrument to be a deed or a mortgage, and it is immaterial whether she acknowledged same according to statute or not, unless the notary who took her acknowledgment was at said time acting as the agent of appellants in the procuring of the execution and acknowledgment of said deed. Miller v. Yturria, 69 Texas, 549; Brand v. Col. Salt Co., 30 Texas Civ. App., 458; Moore v. Moore, 59 Texas, 54; Dashiell v. Johnson, 99 Texas, 546.

The court's charge is erroneous in that it instructs the jury that if Wilson, Dalton & Wilson were the agents or attorneys of either of the appellants in the collection of said sum of $2,000, or procuring said deed, then notice to said attorneys would be notice to appellants; whereas under the law no notice to either of said attorneys would be notice to either of appellants, unless said attorney was agent in the matter of procuring this deed. Said charge is further erroneous and is virtually an instruction to find for the plaintiff, and in view of the evidence was calculated to mislead and confuse the jury, in that the court treats an option and a mortgage as one and the same kind of an instrument. Missouri, K. & T. Ry. Co. v. Belcher, 88 Texas, 549; Rotan Grocery Co. v. Turner, 46 Texas Civ. App., 534; Miller v. Yturria, 69 Texas, 549.

*Geo. L. Mayfield, T. T. Bouldin* and *Mathes & Williams,* for appellees.

DUNKLIN, ASSOCIATE JUSTICE.—This was an action of trespass to try title brought by the appellee against appellant R. L. Stringfellow to recover lots numbers nine, ten and eleven in block seven in the town of Plainview. Appellee further pleaded that on or about the 18th or 19th of July, 1907, she and her husband, J. M. Braselton, executed a deed to the property to appellant Stringfellow, and she sought to cancel the deed as a cloud upon the title on the ground that she was induced to believe that the deed was a mortgage at the time she executed it, and further, upon the ground that she did not acknowledge said deed in accordance with the requirements of the statute in such cases made and provided. She further alleged that the property was her homestead at the time of the execution of the deed, and that Bern Wilson, who took her acknowledgment as notary, was the agent of R. L. Stringfellow in procuring the execution of said instrument, and that he was informed of the fact that she understood the deed to be a mortgage at the time she executed it. Defendant R. L. Stringfellow answered by general denial and plea of not guilty. The Amarillo National Bank intervened in the suit and adopted the answer of defendant Stringfellow, and also pleaded that at the time of the execution of the deed J. M. Braselton was indebted to the intervener in the sum of four thousand dollars for money loaned, evidenced by a promissory note, and that the deed was executed in consideration of a credit of two thousand dollars on said note; that the deed was executed in compliance with a contract made by Braselton with Stringfellow as presi-

dent of the bank, by the terms of which the property described in the deed should be conveyed in consideration of the cancellation of two thousand dollars of said indebtedness; that upon receipt of the deed the bank entered a credit, as agreed, without any notice of undue influence or fraud having been practiced on the plaintiff, if any was so practiced. The bank further alleged that no one was authorized to act as agent for the bank in said negotiations except R. L. Stringfellow, and that Stringfellow had no actual or constructive notice of any fraud or duress having been practiced in the procurement of said deed and its acknowledgment. From a judgment in favor of the plaintiff in the trial court the defendant and intervener have appealed.

The evidence of plaintiff that the property described in the deed was the homestead of J. M. Braselton and family at the time the deed was executed was not controverted, and the theory upon which the case was tried, and the correctness of which appellants do not challenge, was that the deed of conveyance sought to be annulled is effective to vest title in Stringfellow for the use and benefit of the bank, unless Stringfellow and J. M. Braselton agreed that it should be a mortgage to secure the payment of two thousand dollars of the amount which Braselton owed the bank; or unless Mrs. Braselton signed and acknowledged it believing it to be only a mortgage, and Stringfellow, with notice of such understanding on her part, procured her signature thereto; or unless the certificate of Mrs. Braselton's acknowledgment was false in the particulars alleged and taken by one employed by Stringfellow to procure the execution of the deed.

Plaintiff sought to prove that Bern Wilson, the notary who took her acknowledgment to the deed, was the agent employed by Stringfellow to procure the execution of the deed, and in this manner she sought to fix upon Stringfellow notice of the alleged falsity of the certificate of acknowledgment and of her alleged misunderstanding of the legal effect of the deed she executed. In several paragraphs of the charge the court, in effect, instructed the jury that if at the time Mrs. Braselton's acknowledgment to the deed was taken Bern Wilson, the notary who took it, or the firm of Wilson, Dalton & Wilson, of which he was a member, were the agents or attorneys of Stringfellow or the Amarillo National Bank for the collection of two thousand dollars owing by Braselton to the bank, then Stringfellow and the bank would be chargeable with knowledge of any failure of the notary to correctly take Mrs. Braselton's acknowledgment to the deed, and also with any notice which the notary had that Mrs. Braselton understood the deed to be a mortgage. In this we believe there was error. An agent or attorney employed to collect a debt has no authority to receive property in lieu of money in satisfaction of the debt. Mechem on Agency, articles 375 and 819. And if it be true, as contended by appellants, that prior to the execution of the deed Braselton had agreed to sell Stringfellow the property in consideration of a credit to be given on the indebtedness Braselton owed the bank, and that nothing was left to be done by Braselton and wife to consummate the trade except to execute, acknowledge and deliver the deed, the authority previously given the attorney to collect the debt in money would not of itself be authority to act as the agent of Stringfellow in procuring the execution

of the deed by Mrs. Braselton. Missouri, K. & T. Ry. Co. v. Belcher, 88 Texas, 549 (Sup. Ct.).

The reasoning above advanced applies with equal force to the fifth paragraph of the court's charge, wherein the jury are in effect instructed that notice to Bern Wilson that plaintiff did not willingly execute the deed would be notice to the appellants of that fact, if at the time Bern Wilson or his firm of attorneys were the attorneys of appellants generally without any reference to the scope or character of such employment.

Appellee contends in effect that if such an error occurs in some paragraphs of the charge, the same was cured by instructions given in the seventh paragraph, wherein the jury were instructed in substance that Stringfellow would not be bound by the act, declaration or conduct of any person unless such person was authorized to do and perform same, or unless Stringfellow afterwards learned of such act or declaration and with such knowledge accepted the benefits or fruits thereof. Our attention has not been called to any evidence in the record, nor have we been able to find any, tending to prove that Stringfellow was notified of any irregularities in the matter of taking the acknowledgment of Mrs. Braselton to the deed, nor of her understanding that it was a mortgage at the time she executed and acknowledged it, unless notice to Bern Wilson was in law notice to Stringfellow. The charge of the court is also subject to the criticism by appellant that the issue of whether or not Mrs. Braselton acknowledged that she had willingly signed the deed was submitted in the third paragraph and repeated in the fourth paragraph of the charge, and that the plaintiff's contention that Bern Wilson had been employed by Stringfellow to procure the execution of the deed was presented with unnecessary frequency, thereby giving it undue prominence.

Under their fourth assignment of error appellants contend that the failure of the notary to explain the deed to Mrs. Braselton privily and apart from her husband would be immaterial if she in fact fully understood it at that time from some other source. To hold with this contention would be to dispense with one of the statutory requirements in taking the acknowledgment of a married woman to a deed conveying her homestead, and the contention is overruled. (Kopke v. Votaw, 95 S. W. 15.)

In view of another trial we suggest further that if plaintiff signed the instrument with the understanding that it was a deed, the fact that she also understood that her husband should have the option to repurchase the property for two thousand dollars within a given period of time would not furnish the basis for a recovery. Miller v. Yturria, 69 Texas, 549; Rotan Grocery Co. v. Turner, 46 Texas Civ. App., 534.

For the errors above indicated the judgment of the trial court is reversed and the cause remanded for a new trial.

*Reversed and remanded.*