### KNOX v. BROWN. (No. 1062–5277.)

Commission of Appeals of Texas, Section B. April 24, 1929.

J. W. Moffett, Lee R. York, and Kirby, King & Overshiner, all of Abilene, for plaintiff in error.

Chas. E. Coombes, of Stamford, Stinson & Brooks, of Abilene, Thomas, Pope & Shapard, of Anson, and Black & Graves, of Austin, for defendant in error.

SHORT, P. J. This case has reached the Supreme Court a second time. Two opinions were written by this section of the Commission reported in 277 S. W. 91, 619, affirming the judgment of the Court of Civil Appeals at El Paso, 261 S. W. 791. The last opinion of the Court of Civil Appeals at Eastland is reported in 8 S.W.(2d) 280. These several opinions furnish a correct statement of the case up to the time they were severally writ-

ten. Only a brief statement is necessary to understand the questions presented by the application for the writ of error.

The suit was originally filed by the defendant in error, Brown, against the plaintiff in error, Knox, the petition being in the form of trespass to try title. The land involved consists of several contiguous tracts of ranch land situated in Taylor county. In his answer Knox disclaimed as to one-half interest in the land, and also as to one-fourth interest in the mineral rights, as to the remainder of the land, he pleaded not guilty, and then specially pleaded that certain written instruments, dated December 20, 1921, introduced by him in evidence, one in the form of an absolute deed, executed by himself and wife to Brown apparently conveying the land, another a bill of sale to certain cattle, executed by himself and wife to Brown, and another executed by Brown to him in the form of an option contract, whereby Knox was given the privilege of repurchasing the land and the cattle on or before a certain date, all alleged to represent one transaction, were intended by the parties to be a mortgage given as a security for debt. Knox also alleged that he repurchased the property within the date named in the option contract by paying to Brown a part of the price and offering the remainder, which Brown had refused to accept. This contention is not involved in this appeal, the jury upon the last trial having found against it.

Certain evidentiary facts were found by the jury in answer to questions propounded by the court, which we do not think necessary to state in this opinion. The court did submit the question whether the deed and bill of sale were intended by the parties as a mortgage executed as security for debt in the following form: "Was said deed and bill of sale executed by J. B. Knox and wife to C. B. Brown in December, 1921, intended by said parties as a mortgage to secure the said sum of $30,213.50 indebtedness paid off or assumed by Brown for Knox? Answer 'Yes' or 'No.'" To this the jury replied: "Can't agree." The number of this question was 8. The court said in its charge: "If you answer question No. 8 in the negative, then you will answer the following question: 'No. 17: Was it the intention of the parties at the time of the execution and delivery of the deed, bill of sale and option contract of December 20, 1921, that Brown should acquire title to land described in the deed and to the cattle described in the bill of sale, subject to the rights of Knox to repurchase the same on the terms provided' in said contract.' Answer 'Yes' or 'No.'" The jury answered "Yes."

The trial court, upon the answers of the jury, then rendered judgment in favor of Brown for the land, and against Knox on his cross-actions and for the cost of suit. From this judgment Knox appealed the case in due form to the Court of Civil Appeals. That court, in its original opinion, reversed the judgment of the trial court and remanded the case for another trial, basing its opinion upon the fact, found by the court, that there was no finding on the mortgage issue, and that this issue was essential to the validity of any judgment that might be rendered on the pleadings and evidence in the case. However, upon a motion for rehearing, filed by Brown, the Court of Civil Appeals affirmed the judgment of the trial court, holding the evidence insufficient to present an issue of fact determinable by a jury whether the deed and bill of sale were given as a mortgage, in view of certain findings of fact by the jury, from which the court concluded the nonexistence of any debt due by Knox to Brown, and since there was no debt to secure, the instruments could not have been intended to mean anything except what they expressed. The Supreme Court granted the application for writ of error upon the following assignment: "This Honorable Court materially erred in holding that there was no evidence in this case on the mortgage question that the deed, bill of sale, and option contract, together were in fact but a mortgage sufficient to raise an issue of fact to be submitted to the jury."

▉ We think this assignment should be sustained. The statement of facts in this case covers more than 400 pages, rendering impracticable for us to relate and discuss the testimony bearing upon this assignment. It is sufficient to say that, in our opinion, there is much testimony portraying many circumstances, the probative force of which can only be determined by the jury, which tend to prove the contention of Knox that these instruments were intended by the parties as a mortgage to secure the payment of a debt. A jury weighing this testimony might properly conclude that it was sufficient, taken as a whole, to prove with clearness and certainty that the instruments were intended as a mortgage given as security for debt. The rule is well recognized by the authorities in this state that in order to establish that an instrument in the form of an absolute deed is intended as a mortgage, it must be proved with clearness and certainty. Yet the quantum of proof necessary to establish this fact in jury trials, where there is any evidence in the opinion of the trial court sufficient to raise the issue, must be left to the determination of the jury. In this case the trial judge evidently concluded that the evidence was sufficient to raise the issue, since he submitted it. Moreover, no objection was made to the submission of this issue on the ground that it was not raised by the testimony. There were some objections as to the form of the question. So we have the opinion of the trial judge that there was sufficient evidence, and no objection to the submission of the issue on that ground. As said in Company of

Carpenters, etc., v. Hayward, 1 Doug. (Eng.) 375: "Whether there be any evidence is a question for the judge; whether sufficient evidence is for the jury." The trial judge evidently concluded, as a matter of law, that there was some substantial evidence, which, given due and proper weight, might have reasonably been sufficient to satisfy the jury that the parties intended the instruments should constitute a mortgage given as security for debt. As said in Lee v. International, etc., Ry. Co., 89 Tex. 588, 36 S. W. 65: "To authorize the court to take the question from the jury, the evidence must be of such character that there is no room for ordinary minds to differ as to the conclusion to be drawn from it." Had the trial judge not been of the opinion that the evidence in this case was of that character, he doubtless would have refused to submit the issue in any form.

While the burden of proof to establish that the instruments in evidence constitute a mortgage given as security for debt was upon the plaintiff in error, and he is required to establish same as such mortgage, with clearness and certainty, the trial court is not privileged to so instruct the jury, though there have been cases where the giving of such an instruction, under the facts of those cases, was not deemed such an error as to justify the reversal of the judgment. Miller v. Yturria, 69 Tex. 549, 7 S. W. 206. In this case, the court should have construed the instruments by informing the jury in its charge as to their apparent legal effect, and, after having done so, to charge the jury what is necessary to be proved in order to show the instruments to be but a mortgage. None of these matters are embraced in the charge, though no objections to their omission were interposed by the parties. It may have been that, had these instructions been given, the jury would have been able to have answered question No. 8, and it also may have been that the jury would have answered some of the other questions differently. However, this is a matter of speculation and mention is made of it only in view of another trial of the case.

■ The issue presenting the question of mortgage was the major question in the case. Had the jury answered this question in the negative, and had it also answered in the negative other questions involving the issue of repayment by Knox to Brown, or of tender thereof, within the time specified in the option contract, of the agreed purchase price of the property, judgment in favor of Brown would have followed as a matter of course. Had question No. 8 been answered in the affirmative, then there would have remained only to be ascertained the amount of money Knox was due Brown to secure the payment of which the instruments were executed. Even the defendant in error, Brown, apparently recognized that the testimony was sufficient to raise the mortgage issue, and that it was the main one in the case, as is evidenced by the language used in his bill of exceptions to special issue No. 17, wherein he says that he objects to special issue No. 17 for these reasons: "Because the *main issue* (italics ours) in this case is whether said deed and bill of sale in issue, dated December 20, 1921, was intended by plaintiff and defendant as a mortgage to secure certain indebtedness, and if said instruments were not intended as a mortgage to secure such indebtedness, and if the jury should so find that said instruments were not intended as a mortgage, then, as a matter of law, such instruments convey the title to said lands and cattle to plaintiff, C. B. Brown, and he thereby acquired title thereto." With the main issue in the case undetermined, and with an agreement by the parties in effect as to what constituted the main issue, and without any objection to the submission of this issue in some form, the mere fact that the jury, in answering some of the questions, inferentially found the existence of some evidentiary facts incidental to the main issue could not furnish a basis for the rendition of a final judgment.

■■ In view of another trial of the case, should the testimony be substantially the same as it was on the former trial, the trial court, in its charge to the jury, should construe the three instruments, dated December 20, 1921, and, after having done so, charge the jury what is necessary to be proved by a preponderance of the evidence in order to show the instruments to be but a mortgage, and then should frame the question relating to this subject substantially as follows: "Did the parties intend by the execution and delivery of the written instruments, dated December 20, 1921, that these written instruments should constitute a mortgage in fact, given as security for debt, as the word 'mortgage' has been heretofore explained to you in this charge?" The case, upon another trial, in the event the question above quoted should be answered in the negative, might also present for determination by the jury the issue whether Knox had exercised within the time specified an option to repurchase the property. If the jury should find that the instruments were intended by the parties as a mortgage in fact, given as security for debt, then it would be unnecessary for them to decide this issue. Prima facie these instruments only gave Knox an option to repurchase the property within the time specified, at a certain price, and within a certain time. It may be that the price was not expressly stated by the parties at the time the instruments were executed; but any agreement they may have had must have been such as would enable the jury to determine from all the testimony in the case that the price was ascertainable by them at that time. An option to repurchase property sold to another is a contract, which

is an agreement to do a certain thing within a certain time, as in this instance an agreement to pay a certain price for certain property within a certain time. However, if the instruments were intended as a mortgage given as security for debt, then Knox did not have any such contract. A conditional sale puts the title of the property in the grantee, and gives the grantor the right to repurchase it for a certain price within a certain time. A mortgage leaves the title to the property in the grantor, and gives to the grantee a lien upon it, by means of which the grantee is authorized to appropriate it to the extent of its value to the payment of the debt thus secured. We think the original opinion by the Court of Civil Appeals rendered in this case is a correct statement of the law applicable to the testimony.

We recommend that the judgment of the Court of Civil Appeals rendered on the motion for rehearing, affirming that of the district court, be reversed, and that the case be remanded to the district court for another trial not inconsistent with the law of the case, as announced in this opinion.

CURETON, C. J. Judgments of the Court of Civil Appeals and district court both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.