**JEFFREY et ux. v. BALDWIN MOTOR CO.**

No. 3889.

Court of Civil Appeals of Texas. Texarkana. Nov. 14, 1930.

Rehearing Denied Nov. 20, 1930.

Beard & Abney, of Marshall, and Gentry & Gray, of Tyler, for appellants.

Ramey & Marsh, of Tyler, for appellee.

WILSON, C. J. (after stating the case as above).

Appellants requested the trial court to instruct the jury to return a verdict in their favor, and complain here because the court refused the request. It is insisted in support of the complaint that it conclusively appeared from the evidence (1) that the land was appellant's homestead; (2) that the notary public who took the wife's acknowledgment to the instrument in question did not explain same to her; and (3) that appellee was present by its president at the time the acknowledgment was taken, and knew that the notary failed to discharge the duty imposed upon him by the statute (article 6605, R. S. 1925) to fully explain the instrument to the wife. We think it so appeared, and that appellants' contention should be sustained, the judgment of the court below reversed, and judgment here rendered granting appellants the relief they prayed for.

While it is true there was evidence which would have warranted a finding—contrary to the testimony of the wife—that she read the instrument before she signed and acknowledged it, there was no evidence that she knew the legal effect of same, and no evidence that the notary explained same to her further than to ask her, if in executing it, "she realized (quoting) that she relinquished all her claim to gas, oil and mineral rights under that land when she signed that with her husband." "That was all the explanation I made," the notary said, adding: "I didn't tell her what the consideration was * * * I didn't tell her what land it covered * * * I didn't tell her that the instrument had a covenant of general warranty in there by which they bound themselves to warrant and defend the title. I just told her that she was relinquishing, in other words quit-claiming, such title as she had. * * * I didn't tell her it was an absolute deed covering the royalty."

It is obvious from the notary's testimony, not only that the explanation he gave the wife did not furnish her information the statute made it his duty to furnish her, but that the information he did furnish was inaccurate and misleading. The instrument by its terms was an absolute conveyance of the minerals in the land, and bound its makers to warrant it would effectually so operate, whereas the notary told the wife, in effect, it was no more than a relinquishment by her of any claim she had to such minerals. "The word 'relinquish,'" said the Kentucky Court of Appeals in Mitchell v. Bourbon County, 76 S. W. 16, 17, "does not import a conveyance of the fee, but rather the use of the land."

It appearing, as we have seen, that the notary did not comply with the requirement of the statute, and it appearing, further, that appellee's president was present at the time and knew of the officer's failure, it cannot be doubted in the light of the authorities that appellants were entitled to the relief they prayed for. Stewart v. Miller (Tex. Civ. App.) 271 S. W. 311, 319; Stringfellow v. Braselton, 54 Tex. Civ. App. 1, 117 S. W. 204; Davis v. Burkholder (Tex. Civ. App.) 218 S. W. 1101; Kopke v. Votaw (Tex. Civ. App.) 95 S. W. 15; 1 Tex. Jur. 540, 541, 588, 589. In the Stewart-Miller Case the court said it was "a fraud and imposition upon the grantor" for the officer to certify he had complied with the requirement of the statute, when he had not done so, and that "to hold such false certificate valid and conclusive in favor of a grantee who was present when the purported acknowledgment was taken, and who had actual knowledge of the falsity of such certificate, would be to practically nullify the provisions of the law with reference to acknowledgments of married women and to deny to them the safeguard and protection of their property rights which such law was intended to insure."

The judgment will be reversed, and judgment will be here rendered granting appellants the relief they prayed for.