## BROWN et al. v. HEMPKINS.

### No. 1053.

Court of Civil Appeals of Texas. Waco.
April 2, 1931.

Rehearing Denied April 30, 1931.

Tom Whipple, of Waxahachie, for plaintiffs in error.

J. C. Lumpkins, of Waxahachie, for defendant in error.

GALLAGHER, C. J.

Plaintiffs in error, Vernessa Brown and Willie Lee Brown, husband and wife, instituted this suit against defendant in error, H. L. Hempkins, to recover a tract of land containing approximately two acres, and situated in or near the suburbs of the city of Waxahachie. The parties will be designated as in the trial court. Plaintiffs alleged, in substance, that the property sued for was the separate property of said Vernessa Brown, and that she held title thereto in fee simple; that on the 26th day of March, 1929, she and her husband borrowed $30 from defendant; that to secure the same they made him a warranty deed to said tract of land; that he executed and delivered to them an agreement in writing to reconvey said land to them upon payment to him within sixty days of the sum so borrowed, with interest thereon; that said deed, while absolute on its face, was intended as a mortgage, and was made and delivered for the sole purpose of securing said indebtedness; that defendant was then asserting title to said land and threatening to sell the same. They pleaded a tender to defendant of the sum of $33 in discharge of the alleged indebtedness and paid said sum into court. Defendant pleaded general denial and that he had purchased said land for a valuable consideration, that the plaintiffs had placed him in possession thereof, subject to the rights of tenants then cultivating the same, and that plaintiffs had failed to exercise the option given them by him to repurchase the same. He prayed that he be quieted in the title and possession thereof.

The case was tried by the court without the intervention of a jury and judgment rendered in favor of defendant against plaintiffs for the title and possession of said land. The court found and recited in said judgment that the deed made by plaintiffs to defendant was not intended by the parties thereto as a mortgage, but was intended by all of them to pass title to the land and premises therein described, unless plaintiffs exercised the option given to repurchase the same, and that plaintiffs did not exercise such option according to its terms.

### Opinion.

Plaintiffs present a single assignment of error, in which they contend that the court erred under the testimony introduced in holding that the deed executed by them to defendant was absolute and vested all their right, title, and claim in and to said land in him; that the testimony showed conclusively that said deed was executed for the purpose of securing a loan; that the same was in truth and in fact a mortgage; and that, they having tendered and paid into the registry of the court the amount of such loan, the court should have canceled said deed and awarded to them a recovery of said land. The testimony showed without dispute that the land sued for herein was the separate property of Vernessa Brown; that she and her hus-

band, on the 26th day of March, 1929, conveyed the same to defendant by warranty deed; that defendant on the same day signed and delivered the following writing:

"3—26—29

"Willie 'Brown: You have today given me deed to 2 acres of land out of the S. M. Durrett Survey. I agree to deed this property back to you within sixty days upon your payment to me of the sum of $30.00 with 10% interest on same from March 26, 1929.

"Yours truly,

"H. L. Hempkins."

The testimony further showed that said land was then in the possession of plaintiffs' tenants and that plaintiffs did not within sixty days thereafter tender to defendant the sum of $30 with interest thereon and demand reconveyance of said property. The transaction was agreed upon and consummated by Willie Lee Brown and defendant, Hempkins. 'They were the only witnesses to the terms thereof.' Willie Lee Brown testified on direct examination that he borrowed $30 from defendant and agreed to give him a deed to said land to secure the same; that defendant had 'the deed prepared, and that he and his wife signed and acknowledged the same before a notary public; that he knew at the time that it was on its face an absolute deed, but that he signed it as security for the money borrowed. Vernessa Brown was not present during any of the negotiations, nor was she present when the deed was delivered. She testified that defendant came to her home with a notary public who took her acknowledgment, but that he remained outside. 'She did not claim to have had any conversation with him at that time. She testified that her husband owed defendant $10 and borrowed $20 more, and that she executed the deed with him to secure the same. All of her testimony, however, seems to have been based upon what her husband told her. She testified that the notary read the deed to her at the time she signed the same, and told her that within sixty days she could get the land back. The notary did not testify.

Willie Lee Brown testified on cross-examination that he wanted to borrow some money and asked the defendant to lend it to him; that he declined to do so; that they then went to the office of Mr. Wray, an attorney; that defendant again declined to lend him any money, and suggested that Mr. Wray make the desired loan; that Mr. Wray said he would not lend any money on the land; that defendant then said if he (Brown) just had to have some money he would buy the land from him; that defendant told him to go home and see his wife about it; that he did so, and his wife agreed to the proposition; that he went to the defendant again the next day and told him he would sell him the lots for $30; that defendant asked about an abstract and whether taxes were paid up to date; that he told him the taxes for 1928 and 1929 were not paid; that they then went to Mr. Wray's office to have him prepare a deed; that he was out and they went to Mr. Griffin's office; that Griffin wrote the deed; that he (Brown) stayed at the office while defendant and Griffin went to his home to get his wife to sign 'the deed; that when they came back he also signed the deed; that he and defendant then went to the bank and defendant gave him $30 in money; that, after receiving the money, as they were leaving the bank, he asked defendant if he would sell the property back to him; that defendant said he would need some money and would do so; that he would give them sixty days to buy it back; that they then went back to Mr. Griffin's office and he prepared and defendant signed the agreement to reconvey recited above.

Defendant's testimony with reference to the transaction was substantially the same as the testimony of Brown on cross-examination. He was corroborated by the testimony of Mr. Wray with reference to the visit to his office, the refusal of defendant to lend money to Brown, and the suggestion that he (Wray) should make the loan and that he did not do so. The testimony showed that before the sixty days stipulated for the repurchase of the property had expired, plaintiffs induced defendant to extend the time and that later he made a second extension; that at the second extension he agreed to reconvey the property for $75 cash, and that just before plaintiffs filed suit he offered to reconvey it for $100. Defendant testified in that connection that the unpaid taxes on said land amounted to about $12, and that the abstract company advised him that it would cost approximately $100 to get an abstract thereto; that plaintiffs had never tendered him any money; that they had paid $33 into the registry of the court, but that he refused to accept the same. Defendant introduced two other witnesses who testified that, when plaintiffs applied for an extension of time, they stated to defendant that they had sold him the property and that it belonged to him. The testimony showed that the property was worth from two hundred to three hundred dollars. There was some testimony, however, that it had a higher value.

■ The sole issue presented for determination is whether the transaction under consideration, as evidenced by the deed and agreement to reconvey, considered in connection with the attending circumstances, constituted a mere mortgage of said land to secure the repayment of said sum of $30, or a conditional sale thereof in consideration of said sum of money, with an agreement to reconvey upon the terms stipulated. The dis-

tinction between a mortgage of land and a conditional sale thereof is clearly stated by our Supreme Court in Astugueville v. Loustaunau, 61 Tex. 233, 238, in an opinion by Mr. Justice Stayton, from which we quote as follows: "A mortgage 'is a security for a debt, while a conditional sale is a purchase for a price paid, or to be paid, to become absolute on a particular event, or a purchase accompanied by an agreement to resell upon particular terms.'"

The deed from plaintiffs to defendant and his agreement to reconvey upon the terms stipulated show on their face a conditional sale and not a mortgage. Astugueville v. Loustaunau, supra; Kirby v. National Loan & Investment Co., 22 Tex. Civ. App. 257, 54 S. W. 1081, 1083 (writ refused); Bell v. Ramirez (Tex. Civ. App.) 299 S. W. 655, 657, par. 1, and authorities there cited; Rotan Grocery Co. v. Turner, 46 Tex. Civ. App. 534, 102 S. W. 932; Johnson v. Scrimshire, 42 Tex. Civ. App. 611, 93 S. W. 712, 713 (writ refused); Stringfellow v. Braselton, 54 Tex. Civ. App. 1, 117 S. W. 204, 206; Knox v. Brown (Tex. Com. App.) 16 S.W.(2d) 262, 265, par. 7. The burden was on plaintiffs to show that such instruments should not be so construed. Young v. Blain (Tex. Com. App.) 245 S. W. 65, par. 4; Berry v. Meredith (Tex. Civ. App.) 29 S.W.(2d) 799, 801, par. 1; Bell v. Ramirez, supra, p. 657, par. 2. To authorize the court to construe such instruments to constitute a mortgage instead of a conditional sale, it devolved upon plaintiffs to show by affirmative testimony that the real intention and agreement of all the parties thereto was that such instruments should constitute a mortgage given as security for a debt and not a conveyance of the property. Knox v. Brown (Tex. Com. App.) supra, 16 S.W.(2d) page 263, pars. 1 and 2; Goodbar & Co. v. Bloom, 43 Tex. Civ. App. 434, 96 S. W. 657, 661, et seq. Such understanding or intention upon the part of plaintiffs alone would not authorize such construction. Harrison v. Hogue (Tex. Civ. App.) 136 S. W. 118, par. 1 (writ refused); Nagel v. Simmank, 54 Tex. Civ. App. 432, 116 S. W. 862, 864 (writ refused), and authorities there cited. Where the facts are controverted, the quantum of proof necessary to establish such intention and agreement is a question for the determination of the court or jury trying the case. Knox v. Brown, supra, 16 S.W.(2d) page 263, pars. 1 to 4, inclusive; Young v. Blain, supra, pars. 5 to 8, inclusive; Watson v. Beall (Tex. Civ. App.) 279 S. W. 543, 545, par. 3; Wood v. De Winter (Tex. Civ. App.) 280 S. W. 303, 306, par. 5. The trial court heard all the evidence and found that the instruments under consideration were intended by all the parties thereto to pass title to the land described therein, subject merely to an option on the part of appellants to repurchase the same, and that such option had not been exercised by them. There is sufficient evidence to support such findings, and we are therefore not authorized to disturb the same.

The judgment of the trial court is affirmed.