**ARKANSAS DRILLING CO. et al. v. BURMA OIL & GAS CO. et al.**

No. 4399.

Court of Civil Appeals of Texas. Texarkana.

Dec. 29, 1933.

Rehearing Denied Jan. 11, 1934.

Saye, Smead & Saye, of Longview, Prentice Wilson and J. W. Hassell, both of Dallas, for appellants.

Machen & Davenport, Frank C. O'Brien, and Charles C. Hampton, all of Dallas, for appellees.

JOHNSON, Chief Justice (after stating the case as above).

Stated in the order of propositions in its brief, the appellant Arkansas Drilling Company, in substance, makes the following contentions:

(1) That the transaction of October 10, 1931, wherein the Burma Oil & Gas Company executed its assignment conveying to Arkansas Drilling Company the five-eighths leasehold interest, and the Arkansas Drilling Company executed its letter agreeing to reconvey the property upon payment by Burma Oil & Gas Company of $9,000 within fifteen days, was a conditional sale, and the court erred in holding it to be a mortgage;

(2) That the appellees did not discharge the burden of proof to show by clear and satisfactory evidence that the purported conveyance was a mortgage;

(3) That plaintiffs' pleadings failed to state a cause of action against the Arkansas Drilling Company and that it was fundamental error for the court to render judgment thereon entitling plaintiffs to the possession of the property;

(4 & 5). That appellees' pleadings and the facts were insufficient to authorize the court in holding that the purported assignment of February 13, 1932, by Burma Oil & Gas Company to the Arkansas Drilling Company was obtained by duress and without consideration;

(6) That the evidence is insufficient to support the findings of the court that Gus Baker et al., appellees other than the Burma Oil & Gas Company, were entitled to a one-eighth overriding royalty superior to the claims of Arkansas Drilling Company and Edna Meredith.

■ It is not thought that appellants' points 1 and 2, above stated, can be sustained, for the reason that the appellees' testimony, together with the attending facts and circumstances showing that the instrument of October 10, 1931, in form an assignment conveying the five-eighths interest to the Arkansas Drilling Company was intended by the parties as security for the indebtedness evidenced by the drilling contract, is sufficiently clear and satisfactory to support the findings of the court that the instrument was a mortgage. The assignment taken, together with the contemporaneous letter of the Arkansas Drilling Company agreeing to reconvey the lease upon payment of $9,000 within fifteen days, on their face constitute the assignment a conditional conveyance, as contended by appellants. But appellees pleaded that though it was in form a conveyance, it was in truth and in fact a mortgage. It is undisputed in evidence that at the time of the execution of the assignment, the partnership was indebted to the drilling company under the drilling contract in the sum of $2,000 and obligated to pay more as the well progressed; that the drilling company had called upon the members of the partnership to pay the amount then due; and that they were unable to make the payment. Economo and Bennett each testified that Mr. E. C. Johnston of the Arkansas Drilling Company called upon them and demanded payment of the $2,000, or that they give him the assignment as security, which they did to secure the drilling contract indebtedness. Mr. E. C. Johnston for the Arkansas Drilling Company

testified that on the occasion of execution of the assignment in question he had demanded of the partnership payment of the amount then due and they told him they did not have the money. And further:

"Q. What happened then? A. I told them (members of the partnership) that I could not go ahead and take all that risk, that I would have to have some kind of security to secure me, that I was going to get the money if I had to go to the expense of putting that casing in there.

"Q. What did they do? A. Well, they gave me the ⅝ assignment.

"Q. At that time you executed to them a letter, did you not? A. Yes, Sir.

"Q. Which has been introduced here? A. Yes, Sir.

"Q. Did you have any other agreement with them except as stated in that assignment and letter, in other words, does that state the agreement? A. Yes, Sir, absolutely."

It further appears from the evidence that the indebtedness due and to become due under the drilling contract was not extinguished by the assignment, but that the Arkansas Drilling Company continued to hold the drilling contract uncanceled, and it has never been returned to the partnership. It further appears, from its letter of November 5, 1931, that the Arkansas Drilling Company did not consider that the indebtedness was extinguished by the execution of the assignment, wherein it said: "Referring to our letter under date of October 10th, wherein we made promise to you that we would assign the 3¾ acre lease in the Mary Van Winkle Survey, Gregg County, Texas, back to you upon your payment to us of certain moneys *due us.* * * *" In Brown v. Hempkins (Tex. Civ. App.) 38 S.W.(2d) 173, 175, it is said: "The deed from plaintiffs to defendant and his agreement to reconvey upon the terms stipulated show on their face a conditional sale and not a mortgage. * * * To authorize the court to construe such instruments to constitute a mortgage instead of a conditional sale, it devolved upon plaintiffs to show by affirmative testimony that the real intention and agreement of all the parties thereto was that such instruments should constitute a mortgage given as security for a debt and not a conveyance of the property. * * * Where the facts are controverted, the quantum of proof necessary to establish such intention and agreement is a question for the determination of the court or jury trying the case. Knox v. Brown [(Tex. Com. App.) 16 S.

W.(2d) 263], supra." Where the transaction is based upon a pre-existing debt, as in the instant case, the question is: Was the debt canceled by the conveyance? It appears in evidence that it was not canceled. Ruffier v. Womack, 30 Tex. 332. The finding of the trial judge that the assignment in question was executed as a mortgage securing the payment of the indebtedness mentioned, being supported by the evidence, concluded the controverted issue against appellant.

With respect to appellants' third contention, "That the plaintiffs' pleadings fail to state a cause of action against the Arkansas Drilling Company and that it was fundamental error for the court to render judgment thereon," it is not well taken. The pleadings, though consisting in part of conclusions of the pleader, were good as against a general demurrer. Garza v. Kenedy (Tex. Com. App.) 299 S. W. 231. Appellants made no special exceptions, and it does not appear that it called to the attention of the court its general demurrer; hence it will be considered as having been waived, Lipscomb v. Adamson Lbr. Co. (Tex. Civ. App.) 217 S. W. 228; Luse v. Beard (Tex. Civ. App.) 252 S. W. 243; Moore v. Woodson, 44 Tex. Civ. App. 503, 99 S. W. 116. What has been said as to the sufficiency of appellees' pleadings applies to appellants' contentions 3, 4, and 5, and upon examination of the record we find that the judgment of the court is not without support in the evidence; hence appellants' assignments of error are respectfully overruled.

Appellants Edna Meredith and husband, Carlton Meredith, contend that the assignment from Percy Davis to M. C. Salmon conveyed only an equitable title and not the legal title; hence the assignments subsequently passing to Economo, Bennett, and Fagan, and to the partnership firm of Burma Oil & Gas Company, and to Gus Baker et al., conveyed only equitable interests by virtue of which the legal title did not pass until completion of the well, November 6, 1931, and that the Edna Meredith oil payment contract having been executed on September 2, 1931, was superior thereto. This contention is based upon the fact that it is recited in the assignment from Percy Davis to M. C. Salmon, August 17, 1931, in consideration therefor Salmon contracts to drill a well upon the property. Appellants claim that this recital of consideration constitutes a condition precedent to the passing of the legal title. It appears to be well settled that such are held to be conditions subsequent, and that the conveyance passes the legal fee title, subject to forfeiture.

or termination on failure to perform the conditions. Stephens County v. Mid-Kansas Oil & Gas Co., 113 Tex. 160, 254 S. W. 290, 29 A. L. R. 566; Caruthers v. Leonard (Tex. Com. App.) 254 S. W. 779; Waggoner Estate v. Sigler Oil Co., 118 Tex. 509, 19 S.W. (2d) 27. In executing the $5,000 oil payment to Edna Meredith, M. C. Salmon did not purport to act for the partnership. It was executed in satisfaction of an individual debt of M. C. Salmon. It was partnership property at the time. One partner cannot apply as freed from its partnership character the assets of the partnership to discharge his private debt without the consent of the partners. Goode v. McCartney, 10 Tex. 193; Young v. Read, 25 Tex. Supp. 113; Daugherty v. Haynes (Tex. Civ. App.) 28 S. W. 692. So, Edna Meredith did not acquire any greater rights in the property than Salmon had at the time, and the court correctly held that it was not superior to the rights acquired from the partnership by Arkansas Drilling Company and Gus Baker et al. 47 C. J. p. 799, § 246.

Appellants have made other assignments, all of which we have carefully considered; but finding no error presented they are respectfully overruled.

The judgment of the trial court is affirmed.