**IRISH v. BAHNER et al.**

No. 12535.

Court of Civil Appeals of Texas. Dallas.

Oct. 9, 1937.

Rehearing Denied Nov. 6, 1937.

Carden, Starling, Garden & Hemphill, of Dallas, for appellant.

Chas. Romick, of Dallas, for appellees.

BOND, Chief Justice.

Ned Carter instituted this suit against W. M. Vick, trustee of El Presidio Hotel Syndicate, L. H. Bowie, Lee I. Starling, G. H. Irish, Timber Mountain Development Enterprises, and Madera Mountain Club, to recover about $3,000 of Lee I. Starling et al. on an alleged indebtedness growing out of fraudulent sales of certificates of stock of the El Presidio Hotel Syndicate, the money thus received having been converted by them to their use and benefit, in violation of a trust agreement, and employed as to create a debt against all defendants and to impress an equitable lien on 1,900 acres of land owned by said defendants. W. E. Bahner and about 140 others intervened in the suit, adopted plaintiff's petition, also claimed an indebtedness against the defendant of approximately $145,000, which they assert arose by reason of the fraud and deceit practiced in the sale to them of certain certificates of stock of the El Presidio Hotel Syndicate, the money being converted to the use and benefit of said defendants as to create a lien on said 1,900 acres of land in their favor. Both the plaintiff and interveners alleged all elements of fraudulent schemes and conspiracy of the defendants, to defraud them in the sale of the stock certificates, and in the conversion of the money; that the Timber Mountain Development Enterprises, Madera Mountain Club, El Presidio Hotel Syndicate, and Pioneer Corporation were tools and instrumentalities of Lee I. Starling, and that Lee I. Starling made use of said corporations to conduct his fraudulent schemes and promotions; that the converted funds were used in the development and improvement of the said 1,900 acres of land; and that the defendants are attempting to place said land beyond the reach of the creditors.

Plaintiffs and interveners asked for the appointment of a receiver, to take charge of the land and personal effects on which they assert a claim or lien, and an injunction to hold the matter in statu quo pending the outcome of the suit.

This is an appeal by G. H. Irish alone from the interlocutory order appointing the receiver to take charge and control of said 1,900 acres of real estate and granting the injunction to prevent transfer of the property. Being an appeal from such interlocutory order, unless it be clearly shown that the trial court abused its discretion, it is the duty of the appellate court to affirm the judgment and that, too, without undue comment on the weight of the evidence. If the evidence shows or tends to show that plaintiffs' claim is founded on allegations good on general demurrer, it cannot be said that the trial court abused its discretion in the exercise of grants to preserve the subject-matter of the suit in statu quo pending trial on its merits.

The record, we think, bears evidence that the Timber Mountain Development Enterprises, Madera Mountain Club, and El Presidio Hotel Syndicate are corporate fictions, promoted, owned, controlled, and dominated by Lee I. Starling; that Lee I. Starling devised a scheme to promote a hotel and pleasure resort on 1,900 acres of land in Jeff Davis county, then owned by the Timber Mountain Development Enterprises, and, in carrying out such scheme or enterprise, caused to be created the El Presidio Hotel Syndicate, conveying to said corporation 10 acres of said 1,900 acres of land, on which he designed a hotel. In furtherance of such scheme, debentures or stock certificates of the said Hotel Syndicate were sold to the amount of $400,000, for the expressed purpose of constructing a hotel building. The money thus secured was diverted in violation of such trust agreement and appropriated by the defendants, and employed by them in such manner as to create a debt against Starling and said simulated corporations, and an equitable lien on the 1,900 acres of land involved in this suit.

The record further bears evidence that Lee I. Starling, in the name of Timber Mountain Development Enterprises, borrowed of one S. M. Murchison a sum of money less than $2,000 and gave to Murchison, as security, certain lien debentures on the 1,900 acres of land. This debt and the lien debentures were thereafter assigned to appellant, G. H. Irish; and, in a friendly suit, without citation or notice, Irish established his debt and lien; and, in due order, the 1,900 acres were sold and conveyed to G. H. Irish. The evidence tends to show, if not conclusively, that the assignment of the debt and lien from Murchison to Irish and the purchase of the land at judicial sale by Irish were for the exclusive use and benefit of Starling and the defendant in said suit, Timber Mountain Development Enterprises, and that Irish is thus holding the legal title only for Starling and the said defendant.

The record bears further evidence that defendant corporations were owned, operated, and controlled by Lee I. Starling; that they are each indebted to appellees in the sum of $145,652.09 and that each and all of them are hopelessly insolvent, the corporate charters forfeited by the state, and that they are attempting to sell the property in question and place it beyond the reach of the creditors.

Where a corporation is organized and controlled and its affairs are conducted as to make it merely an instrumentality or a tool of the sole owner of said corporation, and said corporation is being used as a vehicle by which the owner conducts a fraudulent scheme or promotional venture, the corporate fiction of said corporation may be disregarded, in order to circumvent fraud, which is ofttimes essential to cope with some abuses of the corporate plan of business organization, and the property of said corporation be subjected to the payment of debts thus created. So, where the fiction of corporate entity is contradicted by the facts, as the evidence here indicates, and the proceeds of the fraudulent scheme or promotional venture have been applied to the development and improvement of property of such corporation, and it is insolvent, its charter forfeited and it has ceased to do business, and it attempts to place such property beyond the reach of its creditors, the legal title thus conveyed is in trust for such corporation. By its very creation, the money of El Presidio Hotel Syndicate was a trust fund, as shown by the trust agreement of record. The conversion and use of said fund in the development of the property of Timber Mountain Development Enterprises attaches an equitable lien to such property in favor of the contributors of such fund. Under such circumstances, a receivership may be granted by a court of equity to take charge of said property and to manage same, impounding all money received therefrom and caring for said property pending the final outcome of the litigation.

We think that, under both the pleadings and facts, the receivership and injunction granted by the trial court were proper,

and should not be disturbed. The judgment of the lower court is affirmed.

Affirmed.

YOUNG, J., not sitting.