## PRIDE v. BRANDON et al.

### No. 2777.

Court of Civil Appeals of Texas. Eastland.

Feb. 17, 1950.

Smith, Eplen & Bickley, Abilene, Texas, for appellant.

Bryan Bradbury, Abilene, for appellees.

COLLINGS, Justice.

Appellant, Joe D. Pride, and appellee, J. H. Brandon, were partners in the business of buying and selling second hand automobiles. J. H. Brandon, without appellant's knowledge or consent, transferred the title of a 1946 Ford automobile belonging to the partnership to his brother, J. A. Brandon. The automobile in question was the sole remaining asset of the partnership at the time of such transfer. Appellant brought this suit against appel-

lees J. H. Brandon and his brother, J. A. Brandon, asking a final accounting on the partnership affairs and that the amount found to be due him be established as a lien against such automobile. Upon a trial before the court without a jury, judgment was rendered for Joe D. Price against J. H. Brandon for the sum of $775.00. Appellant, however, was denied a lien upon the automobile and this appeal is brought from that portion of the judgment.

The automobile in question was purchased by the partnership from Hendrick Memorial Hospital and W. H. Morrison, as agent for the hospital, signed the assignment of title before Cherry Moore, a notary public, whom he authorized to notarize same and to fill in the name of the transferee. The notary, however, neither filled in the transferee's name nor signed as notary. The evidence justifies the conclusion that this procedure was the customary way in which purchases were handled by the partnership and that the notary would not complete the notarization until the automobile was re-sold, at which time the name of the new purchaser would be filled in as transferee as though there were only one transaction. The transfer would thus show on its face to have been made and notarized at the time of the second sale. The notarization of the transfer in question was never completed by Cherry Moore. The evidence shows that J. H. Brandon on December 11, 1947, sold the car to his brother, J. A. Brandon, and in making such sale, used the original transfer from Hendrick Memorial Hospital. Another notary public, although he neither saw nor talked with Morrison, notarized Morrison's signature and filled in the name of J. A. Brandon as transferee in the original assignment blank.

Concerning the consideration paid, J. A. Brandon testified that his brother, J. H. Brandon, owed him $1,250.00 or $1,500.00 and conveyed the title to the automobile in payment of such debt.

In two points appellant Joe D. Price contends that the court erred in awarding the automobile to appellee, J. A. Brandon free of all claims by appellant. The basis of appellant's contention is that the provisions of the Texas Certificate of Title Act as set out in Article 1436—1, Vernon's Texas Penal Code, were not complied with and that the transfer of title to J. A. Brandon was, therefore, void. The principal facts urged in support of this contention are, (1) that the agent of Hendrick Memorial Hospital did not appear in person before the notary public who completed the certificate, and (2) that J. H. Brandon did not secure title in his own or the partnership firm name before selling the automobile.

Appellees do not deny that each of the above fact situations constitutes a violation of the Certificate of Title Act. It is their contention that appellant, Pride, is estopped from asserting the invalidity of the certificate. They urge that he cannot be heard to complain because he and J. H. Brandon were partners and that he, Pride, was as much instrumental as was Brandon in having the certificate of title made out in blank and in permitting the blanks in the notary's certificate to remain unfilled until a purchaser could be found.

In view of the fact that J. H. Brandon and Pride were partners, it is our opinion that appellees' position would be well taken if appellee J. A. Brandon had paid a present valuable consideration for the car. The evidence is conclusive though that he did not pay such a consideration, but that the only consideration was the cancellation of a pre-existing debt owed to him personally by J. H. Brandon. The case of Wise v. Cain, Tex.Civ.App., 212 S.W.2d 880, cited by appellee in which the transferee likewise did not pay a valuable consideration, differs from the case at bar in that in the Wise case, the transferor Wise was the sole owner of the car and had the power to make the transfer. Wise, himself, delivered the incomplete transfer to Cain with authorization and instructions that it be completed. He delivered actual possession of the car and transferred the insurance on the car to Cain.

Ordinarily, a member of a partnership has the right to act for the partnership and J. H. Brandon may have had the power and authority to sell the automobile by a sale of a character within the scope

of the firm's business, but he did not have the power to transfer the assets of the partnership to pay his personal debts. 32 Tex.Jur., page 336; Arkansas Drilling Co. et al. v. Burma Oil & Gas Co. et al. Tex. Civ.App., 68 S.W.2d 336.

■ The fact that the only consideration paid by J. A. Brandon for the automobile was the cancellation of a debt is controlling in this case. J. H. Brandon was without power to sell partnership property for such a consideration. J. A. Brandon having paid only such a consideration was not an innocent purchaser for value. Pride, as a partner to J. H. Brandon, in our opinion, would not have been bound by a sale of partnership property without his knowledge or consent, for such a consideration even if the Certificate of Title Act had been strickly complied with. He was certainly not estopped from asserting the invalidity of the transfer. He was entitled, under the circumstances, to an equitable lien upon the automobile to secure his interest therein. 28 Tex.Jur., page 13; Longhart Supply Co. v. Keystone Pipe & Supply Co., Tex.Civ.App., 26 S.W.2d 389, 393, Error Ref.; Jacks v. Manning, Tex.Civ.App., 297 S.W. 588; Houston Nat. Exch. Bank v. De Blanc, Tex.Civ.App., 247 S.W. 897, 53 C.J.S., Liens, § 4, page 845; Irish v. Bahner, Tex.Civ.App., 109 S.W.2d 1023.

■ Appellees further contend that regardless of all other considerations, appellant Joe Pride is not in position to assert a claim or lien on the automobile because before the sale by J. H. Brandon he and Pride reached an agreement whereby Brandon was to take the automobile and be indebted to Pride for his part of the purchase price without any lien on the car. After a careful examination of the evidence on the point, we do not believe it is susceptible of this interpretation. The only testimony on the issue is by Pride. J. H. Brandon is silent on the point. The effect of Pride's testimony is that he and J. H. Brandon discussed a settlement in which Brandon was to get the automobile but that the settlement was contingent upon the fact that Brandon would " * * * get the money—

and come back—and settle up." J. H. Brandon never did get the money and settle up.

The judgment of the trial court is reversed insofar as it denies appellant Joe D. Pride a lien upon the automobile to secure the money judgment granted in his favor, and judgment is here rendered in favor of appellant Joe D. Pride establishing such lien.